UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 23-cr-177 |
| -vs- | JUDGE DRELL |
| HUNTER D. CASSIDY, **Defendant** | MAGISTRATE JUDGE PEREZ-MONTES |

### RULING ON APPEAL

Before the Court is Appellant, Hunter D. Cassidy's, appeal from the judgment of a United States Magistrate Judge finding him guilty of violations of 38 C.F.R. §§ 1.218(11) and (23). We have considered the briefs filed by the Appellant (Doc. 28) and the Government (Doc. 29). For the following reasons, the Court AFFIRMS the conviction by the Magistrate Judge.

**I.   BACKGROUND.**

This appeal arises out of defendant, Hunter D. Cassidy's (hereinafter "Defendant") conviction of two misdemeanor violations of 38 C.F.R. § 1.218(b) that occurred at a U.S. Veteran's Administration Medical Facility (hereinafter "hospital") in Lafayette on November 28, 2022. It is apparent from the record that Defendant had a legitimate purpose to be on the hospital grounds as he was requesting medical test results. However, Defendant refused to comply with hospital policy and posted signs, which, at the time, required patients to wear a mask and prohibited photography on the premises.

The record is clear as to what happened, and both the Magistrate Judge's written reasons and the briefs are in agreement as to all pertinent facts. Defendant was first allowed into a non-

1

public area of the hospital and was later instructed to wear a mask or to leave the premises.[1] Defendant protested the mask requirement as mere "policy" and not law. Defendant began recording the interaction from non-public areas of the hospital sometime after first being asked to wear a mask. He was willingly escorted from the non-public area towards the outside of the hospital. Defendant stopped before existing the hospital at a point of ingress/egress where he continued to protest the mask policy. Video of the event recorded by Defendant was eventually posted online and entered into evidence. Not entered into evidence was surveillance video taken at the hospital but not preserved.

Defendant's arguments center upon his "rights" as a Veteran. Having served in the U.S. Army myself, I am keenly aware of the sacrifices and commitment made by our servicemen and women to protect our nation and our liberties. However grateful the nation is and should be, this service does not provide unfettered exercise of rights that are otherwise unavailable at large. Although Defendant's objections to the masking policy in place at the hospital led to his convictions, the convictions themselves are not predicated on Defendant's compliance with said policy.[2] Rather, as the Magistrate Judge's written reasons make clear, this matter relates to two distinct prohibited activities: (1) recording within the hospital, and (2) disorderly conduct at the hospital.

---

[1] It is unclear from the evidence whether Defendant was required to wear a mask prior to entering the non-public area of the hospital and later removed the mask or if he failed to wear the mask prior to the recorded events. Defendant's convictions are not predicated on mask usage and thus impertinent to this analysis.

[2] Defendant was convicted of violations of 38 C.F.R. § 1.218(11) (Disorderly Conduct) and 38 C.F.R. § 1.218(23) (Unauthorized Photography on Premises). He was not charged nor convicted of violating 38 C.F.R. § 1.218(6) (Failure to Comply with Signs of a Directive or Restrictive Nature Posted for Safety Purposes).

2

A hearing was held before the Magistrate Judge on August 2, 2023. He found that Defendant made video recordings within the facility without authorization and in violation of posted policies. Doc. 25, pg. 62, lines 6-9. The Magistrate Judge further found that Defendant engaged in disorderly conduct by raising his voice, disagreeing with officers, insisting that he be cited, impeding other hospital patients and employees, and refusing to comply with posted policies. Doc. 25, pg. 62, line through pg. 63, line 2. Defendant was convicted of Unauthorized Photography in violation of 38 C.F.R. § 1.218(b)(23) and Disorderly Conduct in violation of 38 C.F.R. § 1:218(b)(11). The Magistrate Judge also denied an oral motion to quash made by Defendant.

Defendant filed his Notice of Appeal on August 2, 2023, specifically challenging "the conviction only." Doc. 17. Although the Notice of Appeal did not challenge the denial of the oral motion to quash, Defendant assigns error to this issue as well. We will address it nonetheless.

## II.   LAW AND ANALYSIS:

Pursuant to 18 U.S.C. § 3402, "[i]n all cases of conviction by a United States magistrate [United States magistrate judge] an appeal of right shall lie from the judgment of the magistrate [magistrate judge] to a judge of the district court of the district in which the offense was committed." Id. The defendant must file a notice of appeal with the clerk "specifying the judgment being appealed" within 14 days of the judgment's entry. Fed. R. Crim. P. 58(g)(2)(B). The defendant is not entitled to a trial de novo. Fed. R. Crim. P. 58(g)(2)(D). The scope of appeal is the same as an appeal to the court of appeals from a judgment entered by a district judge. Id. Under this standard of review, a district court will affirm a magistrate judge's findings if they are supported by substantial evidence. See U.S. v. Lee, 217 F.3d 284, 288 (5th Cir. 2000). In order to reverse the defendant's conviction, "this Court must conclude that no rational trier of fact could find substantial evidence establishing the defendant's guilt beyond a reasonable doubt." Id. The

Court must consider the evidence in the light most favorable to the verdict, deferring to the reasonable inferences of fact drawn by the magistrate judge. See id.

### A. **The Force and Effect of the Hospital's "Policies"**

Before going further, we must address a point of established law, the misunderstanding of which may have been key to Defendant's troubles. In his multiple protests to Department personnel and the police, Defendant was quick to admit that he would correctly be subject to "law", but incorrectly asserted that he is not subject to Department "policy." This is a distinction without a difference in this matter. The Administrative Procedures Act, 5 U.S.C. § 551 et seq (1946) sets forth the rather complex "rule making" process, including public notice and comment, by which federal agencies establish rules and regulations for the operation and management of their affairs. These rules and regulations, if properly adopted and within the scope of their statutory authority have the force and effect of law. Perez v. Mortg. Bankers Ass'n, 575 U.S. 92, 96, 135 S. Ct. 1199, 1203, 191 L. Ed. 2d 186 (2015). Not all rules must be adopted via a formal notice and comment period. 5 U.S.C. § 553(b)(A) (exempting interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice from the formal notice and comment requirements under the APA). While informally adopted rules and policies do not have the same force and effect as those adopted via formal notice and comment, that does not render them moot nor does this informality vitiate the enforceability of formally adopted rules.

The Department of Veteran's Affairs ("Department") is authorized to adopt regulations for the maintenance of law and order and the protection of persons and property on Department facilities, specifically including rules for personal conduct on Department property. 38 U.S.C. § 901. The head of each Department facility is charged with the enforcement of these rules and regulations. 38 C.F.R. § 1.218(a); see also 38 C.F.R. 1.218(c). Notably, 38 C.F.R. § 1.218 does not

specifically include a mask mandate.[3] Had Defendant been charged and convicted for an offense of not wearing a mask or failure to comply with signs of a directive or restrictive nature for safety purposes,[4] his complaints may be colorable. He was not. Rather, he was charged with and convicted for disorderly conduct and unauthorized photography on the premises, which are specifically prohibited by 38 C.F.R. § 1.218(11) and (23). Both were formally adopted via notice and comment and clearly within the purview of the Department's and facility's authority to proscribe.

This Court is not aware of and Defendant does not cite to any authority that allows him to violate these proscriptions because he disagrees with facility policy. Accordingly, we will look to the specific assignments of error in light of the charges and convictions themselves.

B. **Assignment of Error 1. Denial of the Motion to Quash.**

Defendant asserts that the State's failure to preserve and produce surveillance video from the hospital constitutes a Brady violation warranting dismissal of the entire action. Brady v. Maryland, 373 U.S. 83 (1963). Withheld evidence must be "material" and "exculpatory" to rise to the level necessary to dismiss the charges. See United States v. Bagley, 473 U.S. 667 (1985). Evidence is "material" when there is a reasonable probability that its disclosure would have produced a different outcome of the proceeding. Cone v. Bell, 556 U.S. 449, 469-470 (2009). Mere

---

[3] 38 C.F.R. § 1.218 never specifically included a mask mandate during or following the pandemic.
[4] See 38 C.F.R. § 1.218(a)(4) ("Conformity with signs and emergency conditions. The head of the facility, or designee, shall have authority to post signs of a prohibitory and directory nature. Persons, in and on property, shall comply with such signs of a prohibitory or directory nature, and during emergencies, with the direction of police authorities and other authorized officials. Tampering with, destruction, marring, or removal of such posted signs is prohibited."); see also 38 C.F.R. § 1.218(b)(6) ("Failure to comply with signs of a directive and restrictive nature posted for safety purposes, $ 50.").

failure to preserve or produce non-material or non-exculpatory evidence is insufficient to constitute a Brady violation. Turner v. United States, 582 U.S. 313, 334 (2017).

Here, it is clear that the deleted surveillance video is neither material nor exculpatory. Defendant recorded his interaction with hospital staff and police, including any period that may have been captured by the surveillance videos, and the Defendant's recording was entered into evidence. At best, the surveillance video would show that Defendant was not disorderly during the entire interaction. As discussed *infra*, the video taken by Defendant and admitted into evidence is sufficient in and of itself for the Magistrate Judge to convict on both counts.

C. **Assignment of Error 2. Sufficiency of the Evidence to Convict for Disorderly Conduct.**

Defendant contends that the Magistrate Judge erred in finding Defendant guilty of disorderly conduct in light of the recordings he made that were entered into evidence and "the officer's conflation of the mask rule with disorderly conduct." Doc. 28, pg. 8 (internal quotations omitted). As noted *supra*, Defendant was neither charged nor convicted with violating the mask policy in place at the hospital. He was charged and convicted of violating 38 C.F.R. 1.218(b)(11) prohibiting disorderly conduct which (1) "creates loud, boisterous, and unusual noise," (2) "obstructs the normal use of entrances, exits, foyers, offices, corridors, elevators, and stairways," or (3) "tends to impede or prevent the normal operation of a service or operation of the facility."[5]

The Magistrate Judge's findings of fact are sufficient to establish violations of 38 C.F.R. 1.218(11) and (23). The officer's understanding or misunderstanding of the hospital's "mask rule" does not impact the Magistrate Judge's findings that Defendant engaged in disorderly conduct by

---

[5] To the extent that Defendant contends he was led to the place of disruption, this misses the mark. Authorities were leading Defendant outside the hospital. Defendant elected to stop at the entrance where the actions constituting disorderly conduct occurred.

raising his voice, disagreeing with officers, insisting that he be cited, impeding other hospital patients and employees, and refusing to comply with posted policies. These findings are adequately supported by the video entered into evidence. The testimony further establishes that signs prohibiting photography or video recordings on the facility's premises were visible. The testimony and video are sufficient for the Magistrate Judge to have made these findings.

D. **Assignment of Error 3. Defendant's First Amendment Right to Record.**

Defendant contends that his conviction for violating 38 C.F.R. § 1:218(23) violates his First Amendment right "to record police activities in public places." Doc. 28, pg. 11. Defendant was not in a public place. Rather, he was on Department of Veterans Affairs property that is regulated pursuant to 38 U.S.C. § 901 and 38 C.F.R. § 1:218. Department medical facilities are nonpublic fora. See United States v. Szabo, 760 F.3d 997, 1002 (9th Cir. 2014); see also Preminger v. Sec'y of VA, 517 F.3d 1299, 1314 (Fed. Cir. 2008) ("We conclude that VA Medical Centers . . . are, for First Amendment purposes, nonpublic fora."). Speech in a nonpublic forum may "be restricted as long as the restrictions are reasonable and are not an effort to suppress expression merely because public officials oppose the speaker's view." Cornelius v. NAACP Legal Def. & Educ. Fund, 473 U.S. 788, 836 (1985) (quoting Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45 (1983)) (internal quotations omitted).

38 C.F.R. § 1:218(23) is clear and unambiguous that persons are not authorized to engage in photography on premises without authorization. This restriction is reasonable given the nature of the facility – a hospital where patients have some expectation of privacy – and is viewpoint neutral. Accordingly, 38 C.F.R. § 1.218(b)(23) does not run afoul of Defendant's First Amendment rights.

Defendant's assertion that the charges for unauthorized recordings were raised in retaliation for his publishing the videos are not supported by the record. Nor are they relevant to whether Defendant violated the restriction on recording while on hospital premises.

### III. CONCLUSION

This is an unfortunate incident that arises from a misunderstanding between federal regulations and their effect. Agree with it or not, the present method by which federal regulations are proposed, adopted, and enforced is a complex process. Once adopted, these regulations have the force of law. It is unnecessary to address whether the hospital's policy to require masks was proper. The hospital's policies regarding recording devices and disorderly conduct clearly are. The Magistrate Judge's findings of fact and written reasons are supported by the record. Defendant's wrongful conduct was recorded and admitted into evidence. The missing surveillance videos are immaterial because they would not show any information not already recorded by Defendant and admitted into the record.

For the foregoing reasons, the decision of the Magistrate Judge is AFFIRMED. The appeal is DENIED and DISMISSED

THUS DONE AND SIGNED at Alexandria, Louisiana this 25th day of March, 2024.

Dee D. Drell, Senior Judge